8 F.3d 817
 145 L.R.R.M. (BNA) 2768, 126 Lab.Cas. P 10,884
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roderick L. CUTRIGHT, Plaintiff-Appellant,
v.
E. R. CARPENTER COMPANY, INCORPORATED, Defendant-Appellee.
 No. 92-1399.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 19, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 David R. Simonsen, Jr., Richmond, Virginia, for Appellant.
 Eva S. Tashjian-Brown, Rodney A. Satterwhite, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Roderick Cutright appeals from the district court's judgment in favor of Defendant E. R. Carpenter Company, Inc. ("Carpenter") on claims for discriminatory discharge and salary deductions in violation of the Vietnam Veterans' Readjustment Assistance Act (the "Act"), 38 U.S.C.A. §§ 2021-2027 (West 1991 & Supp. 1992). Cutright contends that the district court erroneously denied his request for a jury trial and his claim for recovery of salary deductions by Carpenter for days Cutright spent out of work on military leave. Finding no error, we affirm the district court's judgment.
 
 
 2
 Cutright, a Captain in the United States Army Reserve, 80th Training Division, was hired as a Plant Engineer for Carpenter in March 1988. Cutright was a salaried employee, exempted for purposes of wage and hour laws, who routinely worked in excess of forty hours per week. Cutright's active duty with the 80th Training Division required him to be away from work for two weeks in 1988, and four weekdays in 1989, May 10-12 and October 27. Cutright's employment was terminated on November 2, 1989.
 
 
 3
 Cutright sued Carpenter under the Act for lost wages and benefits, alleging that he was discharged because of his obligation as a member of the Army Reserve. After denying Cutright's request for a jury trial, the district court conducted a bench trial and found that Carpenter discharged Cutright for legitimate business reasons unrelated to his military reserve status. After the trial, Cutright moved to amend his complaint to include a claim for Carpenter's $511.32 deduction from his 1989 annual salary for the four days he was away on military leave in May and October of 1989. The court granted the motion to amend, but denied the claim for recovery of unpaid wages.
 
 
 4
 "[C]laims under 38 U.S.C. § 2021 et seq. are equitable in nature and must be tried to the court." Troy v. Hampton, 756 F.2d 1000, 1003 (4th Cir.) (in banc), cert. denied, 474 U.S. 864 (1985). The Troy Court based its conclusion on the clear congressional intent that proceedings under the Act be governed by equitable principles,[1] the similitude of the Act's remedies to the equitable, restitutionary remedies provided under Title VII, 42 U.S.C. § 2000e-5(g) (1988), and the fact that the back pay remedy available under the Act "is discretionary with the district court and 'is an integral part of the equitable remedy of reinstatement.' " Id. at 1002 (quoting Smith v. Hampton Training School for Nurses, 360 F.2d 577, 581 n.8 (4th Cir. 1966)). The equitable nature of the remedy sought by Cutright's claim also precludes a jury trial under the more important second prong of the two-prong Seventh Amendment right to jury trial analysis.[2] Teamsters Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). We find that the district court properly denied Cutright's request for a jury trial.
 
 
 5
 Cutright's claim for pay deductions for days missed due to military leave is also without merit, for an employer is not required to pay a reservist-employee for time missed from work. Monroe v. Standard Oil Co., 452 U.S. 549 (1981). The Act "does not entitle a reservist to benefits that are conditioned upon work requirements demanding actual performance on the job," id. at 553 n.7, because "Congress did not intend employers to provide special benefits to employee-reservists not generally made available to other employees." Id. at 561. The evidence presented at the bench trial showed that Cutright received $874 from the Army Reserves for on-duty time between May 10 and 12, 1989. That amount exceeds Cutright's total four-day claim by $383.49, and precludes a finding that Cutright actually suffered some loss of wages or benefits. See 38 U.S.C.A. § 2022 (district court can, in its discretion, "compensate [a reservist-employee] for any loss of wages or benefits suffered by reason of such employer's unlawful action."). We find that the Act was not intended to allow Cutright and similarly situated reservist-employees a special benefit unavailable to other employees, namely the opportunity to earn two salaries from two employers for one day of work. Hence, the district court's denial of Cutright's claim for recovery of pay deductions was appropriate.
 
 
 6
 For the foregoing reasons, we affirm the judgment on the rationale set forth by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 "There is also added a provision at the end of this section which reaffirms and reflects more clearly the congressional intent that the legal proceedings under this chapter shall be governed by equitable principles of law...." Troy, 756 F.2d at 1002 (quoting S. Rep. No. 93-907, 93rd Cong., 2d Sess. at 111-12) (emphasis omitted)
 
 
 [2]
 The first prong, the nature of the issues involved, as determined by a comparison to actions recognized in 18th Century England before the merger of the courts of law and equity, is at best inconclusive as applied to this case. Cutright's claim for backpay based upon discriminatory acts by an employer may be closely analogized to an 18th Century tort action or an action to enforce an express or implied employment contract. These actions could have been brought in courts of law or equity, depending upon the relief sought. See, e.g., Hill v. Winn-Dixie Stores, Inc., 934 F.2d 1518, 1524 (11th Cir. 1991) (action for discrimination and constructive discharge resulting from plaintiff's jury duty); Smith v. Barton, 914 F.2d 1330, 1337 (9th Cir. 1990) (action for discriminatory discharge resulting from plaintiffs' physical handicaps), cert. denied, 59 U.S.L.W. 3837 (U.S. 1991)